RECEIVED

MAY 2 1 2008 MB

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE

SUPREME COURT OF THE UNITED STATES

GERALD JONES
PLAINTIFF.

V.

UNITED STATES COURT OF
APPEALS, PHILIP G. REINHARD,
DEFENDANT's

)
)
)
)
)
)
)
)
)
)
)
)

From the UNITED STATES COURT OF
APPEAL, SEVENTH CIRCUIT

NO. 04-1621

08CV 2970
JUDGE KENNELLY
MAGISTRATE JUDGE MASON

MEMORANDUM OF LAW

NOW Comes Plaintiff, **Gerald Jones**, Pro se RespectFully move this Court in good Faith. File this memorandum of law in support of the His petition of mandamus, and state the Following:

THE QUALIFICATION OF the law, THE EQUAL Protection of the law Violations occurs **ONLY** when different legal standards are Arbitrarily Applied To similarly situated litigants (Plaintiff) thats suppose To be Receiving the same legal standards by law and Rights see Del Vecchio V. Ill. Dep't. of Corrections 31 F.3d 1363 (7th Cir 1994) (quoting citing Debbert V. FloriDA 432 U.S 282, 301, 97 S.ct, 2290, 2302, 53 LEd.2d 344.

1

## Defendants Duties Required By Law

1) As announced by the U.S. supreme Court and recognized by the seventh circuit court of appeals, thus all Defendants have a Duty to as alleged "the Prison litigation reform Act (P.L.R.A.) must be applied as written." see Johnson V. Daley 339 F.3d 582 (7th cir 2003)

2) As announced by the U.S. supreme Courts "a pro se Complaint may not be Dismissed as Frivolous simply because court finds Plaintiff's allegations unlikley — and complaints may not be Dismissed for failure to state a claim unless not facts could be proven that would entitle him to relief, see Denton V. Hernandez. 504 U.S. 25, 112 sct. 1728 118 LEd. 2d 340 (1992) with Haines V. Kerner 404 U.S. 519, 92 sct. 594, 30 L.E. 2d 652 (1972) and

3) the Acts to be perform by statutes are ministerial duties not Discrection Holding" the Court obligation is to apply the statute as congress wrote it. see, stated in, Hubbard V. U.S. 514 U.S 695, 115 sct. 1754, 131 L.E.2d 779 (1995) see also Ex parte Virginia. 100 U.S. 339, 10 otto 339, 1879 WL 16561 (U.S. VA), 25 LEd 676. (1979

4) Before a sua sponte Dismissal, the court have a ministerial Duty to serving summons and a chance for all parties to response to the complaintiff and plaintiff a opportunity to response upon notice before a sua sponte Dismissal. see. Rickett V. midwest Nat'l Bank 874 F.2d 1177 1184 (7th cir 1989)

2

## Defendants Duties To Vacate and Reverse their Judgment

Once upon Notice, that Defendants Acts and Orders where is Errorenously and unauthorized, improper, a Abuse of Discretion, Arbitrarily and Depriving Plaintiff His constitutional rights of the Due Process Protections of the 1 and 14 Amend. Rights without Due Process of the laws, Have a ministerial Duty To correct, Vacate those Acts and Orders that are Held Void By law OR Forbidden By law see ex parte Virgina 100 U.S. 339, 10 otto 339, 1879 WL 16561 (U.S.Va.) 25 L.Ed 676 (1979) Lopez V. Vanderwater, 620 F.2d 1229, 1233 (7th Ill. 1980) Mitchum V. Foster 407 U.S. 225 92 S.ct. 2151, 32 L.E.2d 705 (1972) ex parte Abram C. Wisner 203 U.S. 449 27 S.ct. 150, 51 L.Ed 264 (1906)

When a court misconstrued or misuse or misapplied or Errorenously applied a statute, the **COURT SHALL** reverse that Error as it is Required To Administer Justice To all **CITIZENS** of the United States. that a court shall correct their own errors a Failure Requires supervisory authority that the lower courts are Bound and is to carray out the U.S. Supreme Holdings NOT change them or Disregard them. see, stated in, Hubbard V. U.S. 514 U.S. 695, 115 S.ct. 1754 (1995)

3

A MANDAMUS is properly issued To require a Judge To Hear legal evidence Pulliam V. Allen 466 U.S. 522, 104 Sct. 1970, 80 L.E.2d 565 (1984)(citing Queen V. Marsham [1892] 1 Q.B. 371 (1891)

A MANDAMUS is properly issued To Remedy where Federal Courts refuse To Remand reverse or vacate Judgment where they lack Jurisdiction when personally acting in their personal interest ultra vires see ex parte Abram c. wisner 203 U.S. 449, 27 Sct. 150 (1906)

Defendants Have a Duty To Allow Plaintiff To Prove His claims under the right to be heard and give evidence that Defendants refuse To Do.

Date: 5-11-08

Respectfully Submitted,
sign. *Gerald Jones*
Gerald Jones
B.13486
P.O. Box 99
Ponthac Ill. 61764

4

## INTRODUCING EXHIBITS

1) EXHIBIT _MENT_ is the Motion and NOTICE 6 PAGE Request DEFENDANTs To VACATE JuDgment REQUIReD By lAw 9/50 9S a DemAND of a MANDAMUS would Be FileD

2) APPENDIX _A._ is the 3 PAGE 7th CIR. COURT OF APPEALS JuDgment PlAINtiFF seeks and DeFenDANts Duty TO VACATE

3) APPENDIX _B._ is the 2 PAGE NorthERN DistRICT COURT ORDER JuDgment PlAINtiFF seeks and DeFenDANts Duty TO VACATE

4) APPENDIX _C._ is the ONE PAGE 7th CIR. COURT OF APPEALS Decision TO NOT REHEAR theiR Decision JuDgment OF the APPEAl IN en'DANC.

5) EXHIBIT _DOC._ is the 7 PAGE StatemENT OF ProceeDing FActs seekiNg TO HAVE JuDgment VACATeD

6) EXHIBIT _TAX_ is ONE of the INJURIES OF BeiNg DeNieD Access To the COURTs without DuE Process of the lAWs CAuseD BY the UNAuthorizeD strikes

7) EXHIBIT _T.C._ is the TWO PAGE FActs DeFenDANts Refuse To CARRY OUT theiR ministeriAl Duties VACATE JuDgment.

Appeal No 04-1621

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

Gerald Jones                    )
        Plaintiff               )        No. 04 C 50058
                                )
    vs.                         )
                                )
Jerry Sternes et al            )
        Defendants              )
                                )

## Motion To Recall Mandate and Notice To All Assigned Judges

Now comes Plaintiff Gerald Jones Pro Se move this Court To Recall the Mandate and Court Order Entered, and place on Notice of the invalid order and a Mandamus To Be Filed, For the Following Reasons So Stated;

1

EXHIBIT ment

NO. 04-1621

UNITED STATES COURT OF APPEALS

FOR THE SEVENTH CIRCUIT

Gerald Jones
PLAINTIFF-APPELLANT

vs.

JERRY L. STEARNES, et AL.
DEFENDANTS - Appellees,

) Appeal From Northern District
) of Illinois, United States Court
)      NO. 04 C 50058
)  Judge Philip G. Reinhard.

## MOTION TO ReCALL MANDATE
### and Notice To All Assigned Judges

NOW COMES PLAINTIFF-APPELLANT Gerald Jones, Pro se move this COURT To Recall the Mandate and COURT ORDER enter. and place on Notice of the INVALID ORDER and MANDAMUS a To Be Filed, For the Following REASON, So stated.

1) ON 2-9-04 Judge PHILIP G. Reinhard From the Northern District Jones v. Stearnes, CASE No. 04 C 50058 Dismissed PLAINTIFF Complaint SUA SPONT. —Ash Declare a strike Against PlaintiFF PURSUANT To 28 USC §1915(e)(2)(B.) Failure To State a claim.

2) EVIDENCE PURSUANT To the RECORD OF the COURT ORDER Date 2-9-04 ENTERED By Judge REINHARD VERIFY that truthfully

1

EXHIBIT ment

the Dismissal of Plaintiff complaint was NOT Factually Dismissed For Failure To state a claim — that Judge Reinhard gave Different Reasons For Dismissing the Complaint. NOT Pursuant To section 28 U.S.C. § 1915(e)(2)(B.) But only For stereotyping Plaintiff and His mental status.

3) On 2-18-05 the three Judge Panel, From the seventh Circuit, United States Court of Appeals, Jones V. Stearnes, et Al. Appeal NO. 04-1621 **AFFIRMED the** Northern District Court Order Dated 2-9-04 Judgment and Also even Declaired the third strike Pursuant To 28 U.S.C. § 1915(g.) For Alleged, deeming it Frivolous Because there was no legal basis For Bringing the Appeal.

4) EVIDENCE Pursuant To the Record of the seventh Circuit Court of Appeals Court Order Dated 2-18-05, Verify that Truthfully, the Plaintiff complaint was NOT Dismissed For Failure To State a claim ——— it was For a differing Reasons in Doing so.

5) thus in light of this Evidence, Constitutes means that the strikes given To Plaintiff, For Failure To state a claim was Documentedly Falsified and Arbitrarily sanctioned Against Plaintiff ——— thus Also means, Factually and Truthfully Plaintiff To NOT Have three strikes as

2

a matter of Due Process of the laws, and that Plaintiff have been deprived his rights of the first Amendment without Due Process of the laws, of access to the Courts, Freedom of speech, and expression and Association without regard to creed or mental conditions.

6) Because of these arbitrary sanctions of strikes Plaintiff have been seriously effected and subjected to unconstitutional injuries being denied access to court see exhibits                     and it's been other injuries due to the three strikes that Plaintiff being forever barred from Courts, being a poor person with no opportunities to obtain funds.

## CONCLUSIONS

thus based of the facts Plaintiff have been treated differently from all others similarly situated that receive a differently Due Process review that Plaintiff was is to receive and not the one he was subjected to.

3

UNDER misrepresentation of the statute 28 usc 1915(e)(2)(B) and § 1915(g) subjected plaintiff To Discriminated against by Being Denied the Due Process Protections To a impartiality law abiding by persons. By virtue of being clothed with the obligational, Fiduciary Duties To comply the law as Required by law and Duties, as a Judge To All similarly situated litigants and Persons.

Plaintiff being similarly situated like all others Pro se litigants Have a Right To Have His complaint review for a Determination whether His Factual Allegations stated a claim of a constitutional violation that would entitle Him To Relief if the allegation is proven, and the Violators was acting under color of State law, and like all others Similarly situated litigants and citizen that File civil Complaints, have a Right NOT To Have His case Dismissed Arbitrarily, Discriminationally Base on creed, Brief, Race or Pro se litigant, or mental conditions,

that thus this Court of Appeals panels and Northern District Judge Are Obligated and Have a Fiduciary Duty To Vacate Judgment of their ORDERS and Judgment Declaring three strikes against the Plaintiff.

4

thus it's Also Authority and law of the land that
Holds the Two court orders a Void Judgments
and thats Pursuant To under. see

THUS THEREFORE Plaindiff Request and Respectfully
Require the court To carry out the Obligational and
FIDUCIARY of their Duties and Pursuant To ARTICLE II
in good Behaviour and ARTICLE VI. 2. Bound By law, of the
UNITED STATES Constitution. To vacate Judgment of
the three strikes Declaire under statute mention in
the Two COURT ORDERS. Please

NOTICE is given that a Failuare To Do so AmanDamus
Will Be Filed To compel. within 60 DAYS or 70 DAYS

5

thus therefore Plaintiff Files Deorly this motion
and Demand in good Faith.

Date. 3-7-08

Respectfully Submitted

sign *Gerald Jones*

Gerald Jones
B.13486
PO Box 99
Pontiac Ill, 61764

6

# United States Court of Appeals

## For the Seventh Circuit

## Chicago, Illinois 60604

### JUDGMENT- WITHOUT ORAL ARGUMENT

**Date: February 18, 2005**

**BEFORE:**           Honorable RICHARD A. POSNER, Circuit Judge

                     Honorable JOHN L. COFFEY, Circuit Judge

                     Honorable DIANE P. WOOD, Circuit Judge

No. 04-1621

GERALD JONES,
              Plaintiff - Appellant

    v.

JERRY L. STERNES, Warden, MARY HENRY, Lieutenant, TERRI
ANDERSON, et al.,
              Defendants - Appellees

Appeal from the United States District Court for the
Northern District of Illinois, Western Division
No. 04 C 50058, Philip G. Reinhard, Judge

        The judgment of the District Court is AFFIRMED, in
    accordance with the decision of this court entered on this date.

(1060-110393)

APPENDIX A.

APPENDIX A

UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted February 15, 2005[*]
Decided February 18, 2005

Before

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 04-1621

GERALD JONES,
 *Plaintiff-Appellant,*

  *v.*

JERRY STERNES, et al.,
 *Defendants-Appellees.*

Appeal from the United States District
Court for the Northern District of
Illinois, Western Division

No. 04 C 50058

Philip G. Reinhard,
*Judge.*

## O R D E R

 Illinois inmate Gerald Jones filed suit under 42 U.S.C. § 1983, claiming that several prison officials, medical staff at two different facilities and the Director of the Illinois Department of Corrections violated his Eighth Amendment rights by failing to protect him from a known risk of mental and physical abuse. The district court dismissed the suit under 28 U.S.C. § 1915(e)(2)(B). Jones appeals and we affirm.

---

 [*] On August 25, 2004, this court granted the appellee's motion for an order of noninvolvement due to the lack of service in the district court. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

APPENDIX A.

In his complaint, Jones alleged that prison officials tortured, threatened, and harassed him. He claimed that they "acted out of deliberate indifference, reckless disregard, and in part retaliation and hate," causing him to suffer "serious mental and physical injuries." Specifically, Jones alleged that prison officials denied him meals, involuntarily placed him in a psychiatric unit and on suicide watch, stripped him nude, assaulted him, and subjected him to an unspecified yet "substantial serious risk of impending harm." Jones also claimed that conditions on the psychiatric ward, where he was being held, led to feelings of helplessness, and that as a means of asserting control he would sometimes "cut" himself either to obtain personal items or to provoke responses from prison officials and medical staff.

The district court screened the case under 28 U.S.C. § 1915(e)(2)(B) and dismissed it, though it gave differing reasons in doing so. On the one hand, the court stated that it dismissed the complaint for failure to state a claim—a ground for dismissal that we review de novo. *Hoskins v. Lenear*, —F.3d—, 2005 WL 30503 at *2 (7th Cir. January 7, 2005). On the other hand, the court also invoked frivolousness grounds, finding that Jones's allegations are "plainly irrational," that his "claims of torture and abuse border on the fantastic and defy reason," and that "this lawsuit is based on delusion rather than facts." A dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) based on frivolousness is reviewed for abuse of discretion. *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir. 2002).

It is not necessary for us to determine whether Jones's suit was dismissed specifically for frivolousness or for failure to state a claim, because under the standard of review that we apply in either case, Jones's complaint was properly dismissed. His complaint lacked a basis in both law and fact, and we agree that his unsupported claims are so irrational they are unbelievable. His most developed argument is that the district court showed bias due to "prejudice and personal interest" in denying him an evidentiary hearing and dismissing the suit. But Jones points to no proof of bias or partiality (or the appearance of either) to suggest that the district judge harbored any personal animus towards him. *See In re Mann*, 229 F.3d 657, 658-59 (7th Cir. 2000). Moreover, when factual allegations like Jones's are so incredible, no evidentiary hearing is required. *Gladney*, 302 F.3d at 774.

Finally, because there was no legal basis for bringing this appeal, we deem it frivolous, constituting Jones's third "strike" under 28 U.S.C. § 1915(g). *Lee v. Clinton*, 209 F.3d 1025, 1027 (7th Cir. 2000).

AFFIRMED.

APPENDIX A.



Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | PHILIP G. REINHARD | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 50058 | **DATE** | February 9, 2004 |
| **CASE TITLE** | Gerald Jones (#B-13486) vs. Jerry Sternes, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]    The plaintiff's motion for leave to file in forma pauperis [#3] is granted. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim, and the case is terminated. The trust fund officer at the plaintiff's place of confinement is authorized and ordered to make deductions from the plaintiff's account and payments to the clerk of court in accordance with this order. The clerk is directed to mail a copy of this order to the trust fund officer at the Dixon Correctional Center. This dismissal counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | FEB 09 2004 | 5 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | | |
| X | Copy to magistrate judge. | | | |
| | | courtroom deputy's initials | FEB 09 2004 | |
| mjm | | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

APPENDIX B.

Minute Order Form (0697)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | PHILIP G. REINHARD | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 50058 (appeal no. 04-1621) | **DATE** | May 28, 2004 |
| **CASE TITLE** | Gerald Jones (B-13486) v. Jerry L. Sternes, et al. | | |

**MOTION:**   [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2). |

(10) ■   [Other docket entry]   The Court of Appeals has granted plaintiff leave to appeal in forma pauperis. This court accordingly waives the initial filing fee pursuant to 28 U.S.C. § 1915(b)(4). The clerk is directed to send a copy of this order to the trust fund officer at Pontiac Correctional Center and the PLRA Attorney, U.S. Court of Appeals. The Fiscal Department shall allocate funds received to the appeal (04-1621) until the $255 appellate fees are paid and then allocate funds to the district court case until the $150 filing fee is paid.

(11) ■   [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| CLH | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

EXHIBIT TWO

(Reserved for use by the Court)

# ORDER

Plaintiff has filed a notice of appeal and motion for leave to file on appeal in forma pauperis from the judgment entered on February 9, 2004. On May 12, 2004, the Court of Appeals granted plaintiff's petition for leave to file and proceed on appeal in forma pauperis and instructed the district court to assess an initial partial filing fee for the appeal and to notify the Court of Appeals when the partial fee has been collected.

According to the statement submitted with his *in forma pauperis* application, plaintiff owes the institution $1,055.08 and no money has been deposited in his trust fund account from September 6, 2002, through March 1, 2004. Plaintiff therefore has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from appealing a civil action because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the correctional facility where plaintiff is confined is authorized to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $255 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn.: Fiscal Dept., and shall clearly identify plaintiff's name and the case number assigned to this action, and the docket number assigned to the appeal by the Court of Appeals, which is 04-1621. If plaintiff is transferred to another institution, the trust fund officer at the new institution shall be informed of this order and shall be responsible for making deductions and payments in accordance with this order.

The clerk is directed to send a copy of this order the trust fund officer at Pontiac Correctional Center and the PLRA Attorney, United States Court of Appeals for the Seventh Circuit.

(Reserved for use by the Court)

## ORDER

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff having shown that he is unable to prepay the filing fee, his motion for leave to proceed *in forma pauperis* is granted. Because the plaintiff has a substantial negative balance in his prison trust fund account, the initial partial filing fee is waived pursuant to 28 U.S.C. § 1915(b)(4). The trust fund officer at the plaintiff's current place of incarceration is nevertheless authorized and ordered to begin collecting monthly payments from the plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $150 filing fee is paid. *See* 28 U.S.C. § 1915(b)(1). Separate deductions and payments shall be made with respect to each action or appeal filed by the plaintiff. All payments shall be sent to the Clerk, U.S. District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Fiscal Dept., and shall clearly identify the plaintiff's name and this case number.

Under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972), *reh'g denied*, 405 U.S. 948 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). However, "a district court judge should deny leave to proceed *in forma pauperis* if an action is frivolous or malicious." *Wartman v. Branch 7, Civil Division, County Court, Milwaukee County, State of Wisconsin*, 510 F.2d 130, 134 (7th Cir. 1975), *principle reaffirmed in Bryan v. Johnson*, 821 F.2d 455, 458 (7th Cir. 1987). A frivolous complaint is one in which "the petitioner can make no rational argument in law or facts to support his or her claim for relief." *Williams v. Faulkner*, 837 F.2d 304, 306 (7th Cir. 1988), *aff'd sub nom Neitzke v. Williams*, 490 U.S. 319 (1989). Here, even accepting the plaintiff's factual allegations as true, the court finds that the complaint fails to state a claim as a matter of law because the plaintiff's allegations are plainly irrational.

Although the rambling, twenty-five page complaint is barely comprehensible, the plaintiff seems to believe that officials at the Tamms "Supermax" and Dixon Correctional Center have embarked on a campaign of harassment and mistreatment against him. The plaintiff alleges that correctional officials have "tortured" him, stripped him nude and exposed him to the elements, placed him in a psychiatric unit and on suicide watch against his will, retaliated against him for his grievances, and subjected him to an unspecified but repeatedly alluded to "substantial risk of serious impending harm."

The court need not accept as true factual allegations that "rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Here, the plaintiff's claims of torture and abuse border on the fantastic and defy reason. The manner in which the complaint is written, the fact that the plaintiff is confined in a psychiatric unit at a medical facility, his admission that he chronically "cuts" himself, and his apparent contacts with multiple mental health professionals (several are named as defendants) all lead to the conclusion that this lawsuit is based on delusion rather than facts. Although the court has empathy for the plaintiff, who appears to be genuinely troubled, the court can only conclude that his complaints of abuse and his paranoia about looming harm are unreasoned. The sort of help the plaintiff needs is not the type of relief that the court can provide. Presumably, the plaintiff is receiving that help from the psych staff where he is confined.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). If the plaintiff does choose to appeal, he will be liable for the $255 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."

APPENDIX B.

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

April 15, 2005

Before

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 04-1621

GERALD JONES,
    *Plaintiff-Appellant,*

    *v.*

JERRY STERNES, et. al.,
    *Defendants-Appellees.*

Appeal from the United States
District Court for the Northern District of
Illinois, Western Division.

No. 04 C 50058

Philip G. Reinhard,
*Judge.*

## ORDER

On March 9, 2005, the petitioner-appellant Gerald Jones filed a petition for petition for rehearing en banc in response to our order affirming the district court's decision to dismiss his civil rights action against the Illinois Department of Corrections.. All of the judges on the original panel have voted to deny the petition, and none of the active judges has requested a vote on the petition for rehearing. The petition is **DENIED**.

APPENDIX C.

Pursuant To: Ex parte Virginia 100 U.S. 339, 10 otto 339 (1879) WL 16561 (U.S. VA, 25 L.Ed. ███ 676, the Following is an Forbidden, and illegal Act, Because the Judge was not Authorize By statute as:

A inmate Gerald Jones, was Transfer From Tamms To Dixon Psychiatric Unit and Begain Complaining of Dixon conditions and staff misconduct Filing Grievances. Dixon Officials Told Jones keep writing Grievances and complaining they would send Him Back To Tamms Supermax, Due To it was a substantial Risk of inpending Harm, which was the very Reason He was Transfer ███ out Tamms To Prevent the Risk and inpending Harm From Occurring, inconflict.

Dixon Official sent Jones Back To Tamms with no Protection From the inpending Harm, that Harm Occurred mentally and Physically that within Ten days Tamms Official sent Jones under an emergency Transfer Back To Dixon. Dixon Officials then sent Him To Pontiac C.C.

inmate Jones Filed a complaint §1983, Against Dixon Authorities For Retaliation and Being Deliberate indifference To His Health and safety.

In the Northern District of Illinois Judge Philip G. Reinhard sua sponte Dismissed the complaint For Failure To state a claim, Alleging Reasons " Jones

1 of 7　　　EXHIBIT DOC.

COMPLAIN OF BEING SENT BACK TO TAMMS BUT HE IS NOT IN TAMMS, HE IS IN PONTIAC C.C.", REFUSING TO EXCEPT the FACTUAL Allegations as true, AND Declare A strike Pursuant To the Prison litigation Reform Act (PLRA) § 1915(g)

Jones File a second complaint Alleging the same claims, Assigned To the same Judge, REINHARD Dismissed His second complaint For Failure To state a claim, Alleging Reasons" Plaintiff Don't Need the TYPE OF Relief the Court can Provide", and Declared Another strike UNDER § 1915 (g)

Jones Appeal Judge REINHARD Denied the Appeal Alleging the Appeal is IN BAD Faith, therefore, Declared Another strike. Jones Appeal To the seventh circuit, the seventh cir. Agreed that EVEN though ████████ the District court Dismissed the complaint For Failure To state a claim, it gave differing Reasons in doing so, But it's No Need To Determine WHETHER it was Dismissed For Failure To state a claim or Frivolous, Jonse complaint was Properly Dismissed. THE U.S. supreme Court Denied Jones Petition For writ of certiorari.

Now that Jones HAVE (3) three strikes He HAVE Been Abridged Prohibited BARED From the Federal COURTS Because He is a Poor citizen INMATE

2

Because the seventh cir COURT OF APPEALS Agreed
that the COURT DID NOT Dismiss For FAILURE TO
STATE A Claim, it WAS ERROR NOT TO REVERSE and ERROR
TO Allow Him TO BE Giving strikes For FAILURE TO STATE
a claim, WHEN it Really WAS NOT and BASED ON the
JUDGES SUA SPONTE PERSONAL INTEREST Alleging JONES
DON'T NEED the TYPE OF Relief the COURT CAN Provide.
THE (P.L.R.A.) DID NOT Authorize the TO OPERATE
the statute IN this MANNER or give POOR Pro se
COMPLAINTS Strikes ARBitrarily SUA SPONTE.

Because the statute HAVE NO AND give NO
Due Process Protection TO Prevent JUDGES USING
the statute ARBitrarily IN a Discriminating manner
or Bias Declaring Strikes NOT Authorized By the statute
Violates the Due Process Clause Depriving JONES
and inmates FundAmentAl First AMEND. RIGHT OF Access
TO the COURT without Due Process of the law, Felce V.
FIELDER 974 F.2d 1484 (7th Cir 1992)(Holding a statute that
gives no Due Process Protection From UNAuthorize or
the ASURING FAIRLY RIGHTS are not Being Deprived calls
For the statute UNCONSTITUTIONAl) also see Zinermon
V. Burch 494 U.S. 113,110 S.ct. 975 (1990)(Requiring Due
Process Protections).

the SUPreme COURT OF the U.S HELD that COURT FEES
must Be WAIVED if they Prevent a POOR litigANT FROM

3

Vindicating Basic Fundamental Rights, see MLB. V. SLJ. 519 U.S. 102, 117, 117 Sct. 555 560-64 569-70 136 L.E.2d 473.

In order for Jones to raise his Constitutional challenge to section 1915(g) He must show He has standing, that He have actually been injured, denied, deprived access to the Courts without Due process of the law see Lewis V. Casey 518 U.S. 343, 116 Sct, 2174, 2179 135 L.Ed.2d 606 (1996).

the Judges can declare three strikes against poor inmates arbitrarily, bias or within Conspiracy to protect Prison Officials from paying Damages where liability is found or Notice, or out of discrimination with no remedy to fairly have the strikes vacated, removed is clearly unconstitutional depriving Jones and poor persons Rights without Due process of the statute violates the Equal protection of the law Declaring strikes unauthorize by the statute

the Fact Jones gave the Courts continually Opportunity to correct them self substantiate intentional, fraud, discrimination, misrepresentation, legal malpractice, bias and deprivation of Equal protection of the laws from the Fact the Judges ▮ intentionall Refuse and fail to correct these error acting ultra vires.

WHEN the Judge Acts Altra Vires He lacks Jurisdiction see Florida Dept of state V. Treasure Salvors 458 U.S, 670 102 S.ct, 3304 73 L.E.2d 1057 (1982) Larson V. Domestic & Foreign Commerce Corp. 337 U.S, 682, 69 S.ct, 1457, 93, L.Ed.2d 1628 (1949) a Judges Personal interest is Altra Vires the test For immunity is AN Objective one, But misues of official Authority For Private ENDs is a Recurrent Feature of cases in which a Deprivation of life liberty or Property without Due Process of law is Found, see Anderson V. Romero 72 F.3d 518 (7th Cir 1995)( citing Screws V. U.S, 325 U.S, 91, 93, 111, 65, S.ct, 1031, 1032 1040 89 L.Ed 1495 (1945). Gibson V. city of chicago 910 F.2d 1510 1518 (7 Cir 1990) see Ex Parte Virginia 100 U.S, 339, 10 otto, 339, (1879) W L 16561 (U.S, VA,) 25 L.Ed 676,.

the (P.L.R.A.) is a ministerial Duty To Be utilized. Although the Judge Derived His Authority From the state He Was Bound in the Discharge of that Duty To obey the Federal constitution and laws Passed in Pursuance thereof, the statute Give them No Authority To Dismiss Jones complaint sua sponte Altra Vires Base on His Personal interest that Alleging Jones Don't Need the Relief the Court can Provide Hold these Judges liable For Depriving

Him Access to the courts, Relief, and Equal Protection
of the laws, Discriminating intentionally see
above case (EX Parte Virgina)

Whether a Goverment official is entitled To Absolute
immunity From a suit For Damages Depends on "the
Nature of the Function Performed, NOT the identity
of the actor who Performed it" see Walrath V.
U.S. of America 35 F,3d 277 (7th cir 1994) and quoting
cases).

Jones seeks injunction and Declaratory Relief
Against the court Proceedings on the Grounds that
the court applied and Enforcing the strikes in
a unauthorized ForeBibben and unconstitutional
manner that continually Defining Him His First
Amend. Rights and Access To the court causing
Him irreparable Harm, But Because He is
Truly indigent Poor inmate unable To Pay Filing
Fees the court Have continal Denied and
Deprived His Appeals For Failure To Prosecute
Pay the Fees To Vindicate Request To Have
this Error Vacate or Petition to the goverNment
For a reDress of grievances,

the Supreme Court stated, "the Power of the state
To control the Practice of law cannot Be exercised
so As To Abrogate Federally Protected Rights

6

see Johnson V. Avery 393 U.S. 483 89 S.ct. 747, 21 L.E.2d 718 (1969) mitshum V. Foster 407 U.S. 225 92 S.ct. 2151, 32 L.E.2d 705 (1972).

Because the court Operating the (P.L.R.A.) §1915 (g) without the Due Process Require and in a manner Arbitrarily Declaring Strikes Not Authorize By the statute, Jones Rights To Peaceably to Assemble and Petition To the Government For a Redress of Grievances, Have Been Abridge and Prohibited Restriked, Proven From the Fact Being Denied Access To the court To Redress this grievance To the Government. On these Grounds the statute is Unconstitutional on it's Face. Any Assistance To Help Jones Obtain Access To the court, Seeks Relief Of Justice. Jones Brings this issue To the Attention of the Puplic of the Abuse, Discrimination and Bias Being Inflicted upon Him and seeks Help. ∎

Date: 1-29-07        Sign  Gerald Jones
                            Gerald Jones
                            B.13486
                            P.O. Box 99
                            Pontiac Ill. 61764

7

## Appeal Documents

3:02-cv-01161-JPG-PMF Jones v. Chandra, et al **CASE CLOSED on 04/30/2007**
APPEAL, CASREF, CJRA_A, FILE_CREATED

### U.S. District Court

### Southern District of Illinois

#### Notice of Electronic Filing

The following transaction was entered on 7/31/2007 at 9:32 AM CDT and filed on 7/30/2007
**Case Name:**       Jones v. Chandra, et al
**Case Number:**     3:02-cv-1161
**Filer:**
**WARNING: CASE CLOSED on 04/30/2007**
**Document Number:** 194

**Docket Text:**
ORDER of USCA as to [182] Notice of Appeal filed by Gerald Jones; motion for leave to proceed on
appeal in forma pauperis is denied. Appellant shall pay required docketing fee within 14 days or appeal
will be dismissed. (dka, )

**3:02-cv-1161 Notice has been electronically mailed to:**

Carrie L. Kinsella    clacey@atg.state.il.us, bmyers@atg.state.il.us, jginter@atg.state.il.us,
lweitekamp@atg.state.il.us

Theresa M. Powell    tpowell@hrva.com, ejarman@hrva.com, sprecf@hrva.com

April G. Troemper    atroemper@hrva.com, lwallbaum@hrva.com, sprecf@hrva.com

**3:02-cv-1161 Notice has been delivered by other means to:**

Gerald Jones
#B-13486
Pontiac Corr Center
PO Box 99
Pontiac, IL 61764

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**

EXHIBIT TAXI

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

July 26, 2007

*Before*

**Hon.** FRANK H. EASTERBROOK, *Chief Judge*

**Hon.** JOEL M. FLAUM, *Circuit Judge*

```
GERALD JONES,                    ] Appeal from the United
        Plaintiff-Appellant,     ] States District Court for
                                 ] the Southern District of
No. 07-2173              v.       ] Illinois.
                                 ]
RAKESH CHANDRA, JILL STEVENS,    ] No. 02 C 1161
CHERYL COUCH, et al.,            ]
        Defendants-Appellees.    ] J. Phil Gilbert,
                                 ]      Judge.
```

The following are before the court:

   1.   **MOTION AND IN SUPPORT OF INFORMA PAUPERIS TO
      PROCEED AS A POOR PERSON UNDER THE IMMINENT
      DANGER EXCEPTION CLAUSE**, filed on June 1, 2007.

   2.   **MOTION TO BAR PLAINTIFF FROM PROCEEDING ON
      APPEAL IN FORMA PAUPERIS**, filed on June 11, 2007, by counsel
      for the appellants.

   3.   **APPELLANT'S RESPONSE TO DEFENDANTS-APPELLEES
      MOTION TO BAR PLAINTIFF FROM PROCEEDING ON
      APPEAL IN FORMA PAUPERIS**, filed on June 18, 2007, by counsel.

On June 19, 2007, the district court vacated its order granting appellant's
motion to proceed in forma pauperis on appeal and denied his motion. Accordingly,

    **IT IS ORDERED** that this court **VACATES** its June 12, 2007, order
denying as unnecessary appellant's motion to proceed in forma pauperis on appeal.



**RECEIVED**

Appeal no. 07-2173

JUL 3 0 2007    Page Two

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

    Upon consideration of the request for leave to proceed in forma pauperis on appeal, the appellant's motion filed under Federal Rule of Appellate Procedure 24, the district court's order pursuant to 28 U.S.C. §1915(a)(3) certifying that the appeal was filed in bad faith, and the record on appeal,

    **IT IS ORDERED** that the motion for leave to proceed on appeal in forma pauperis is **DENIED**. *See Lee v. Clinton,* 209 F.3d 1025 (7th Cir. 2000). Appellant shall pay the required docketing fee within 14 days, or else this appeal will be dismissed for failure to prosecute pursuant to Circuit Rule 3(b). *See Newlin v. Helman,* 123 F.3d 429, 434 (7th Cir. 1997).

EX. TAXI

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

March 19, 2008

*By the Court:*

GERALD JONES,                          ] Appeal from the United
        Plaintiff-Appellant,            ] States District Court for
                                        ] the Northern District of
No. 04-1621                   v.        ] Illinois, Western Division.
                                        ]
JERRY L. STERNES, Warden, MARY         ] No. 04 C 50058
HENRY, Lieutenant, TERRI ANDERSON,      ]
et al.,                                 ] Philip G. Reinhard,
        Defendants-Appellees.           ]     Judge.


Upon consideration of the **MOTION TO RECALL MANDATE AND NOTICE TO ALL ASSIGNED JUDGES**, filed on March 14, 2008, by the pro se appellant,

**IT IS ORDERED** that the motion is **DENIED**.

EXHIBIT J.C.

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 50058 | **DATE** | 3/18/2008 |
| **CASE TITLE** | Jones vs. Sternes | | |

**DOCKET ENTRY TEXT:**

To the extent the motion to recall mandate filed in this court seeks a recall of the mandate issued by the Court of Appeals, the motion is dismissed as this court lacks jurisdiction to consider it. The motion is transferred to the United States Court of Appeals for the Seventh Circuit.

*Philip G. Reinhard*

Notices mailed by Judicial staff.

| | | Courtroom Deputy Initials: | LC |
|---|---|---|---|



EXHIBIT T.C.

THE
ROGER
BALDWIN
FOUNDATION
OF ACLU,
INC.

Suite 2300
180 North Michigan Avenue
Chicago, Illinois 60601-1287
(312) 201-9740
Fax (312) 259     90
www.aclu-i



July 5, 2006

Mr. Gerald Jones
N-106
B. 13486
PO Box 99
Pontiac, Il 61764

Dear Mr. Jones:
Thank you for contacting the American Civil Liberties Union of Illinois. We have reviewed your situation carefully and we regret to inform you that we will not be able to accept your case.

The ACLU office is a legal center that involves itself with broad impact, constitutional litigation. These are issues where the <u>government</u> has abused constitutional rights. Unfortunately, we regret that most cases of individual unfairness or injustice cannot be accepted.

We receive more than 20,000 requests annually for legal assistance. Our resources are limited and we can only act upon a small percentage of the requests. The fact that we cannot help you, however, does not mean that your case has no merit. It may be that we are handling a similar case, that the case does not involve a novel issue pertaining to civil liberties, or that we do not have the resources to handle the case.

You should know that there is a limited time in which legal action may be pursued, sometimes referred to as a statute of limitations. You might be wise to ask an attorney for advice about preserving any rights you may have.

Please accept our regrets that we cannot help you with your situation.

Sincerely,


Intake Department


2 pg. EXHIBIT ONE

## UPTOWN PEOPLE'S LAW CENTER
4413 NORTH SHERIDAN • CHICAGO, IL 60640
773 • 769 • 1411    FAX 773 • 769 • 2224

February 13, 2007

Gerald Jones
B13486
Pontiac Correctional Center
700 West Lincoln Street
P.O. Box 99
Pontiac, Il 61764

**Re:    Federal Court Claims**

Dear Me. Jones:

We received your lengthy letter (along with the many enclosures), asking for our help in challenging the dismissal of your earlier case, Jones v. Sternes, 04 C 50058, which challenged the mental health care you were provided at Tamms and Dixon, and the retaliation to which you were subjected when you filed grievances at Dixon. As requested, we have made a copy of your documents for our file, and now return your originals.

We completely agree that the dismissal of your pro se complaint was highly improper. The federal courts are supposed to require only "notice pleading", and your complaint clearly stated a claim for medical neglect. Further, the core allegations (being stripped out, placed in four point restraints, being placed at Tamms despite a high risk of self-harm, etc), are hardly "fantastic" or "delusional"; rather, they describe events which occur everyday in the Dixon and Tamms' mental health units.

Unfortunately, there is nothing to be done at this late date. Since you have already appealed Judge Reinhard's ruling, and lost in the Seventh Circuit, and then your appeal was rejected by the U.S. Supreme Court, those claims are now "res judicata"–that means, that they have been decided against you, and can not be raised again. If you had been represented by competent counsel on appeal, you should have won. Unfortunately, it is now too late.

It is precisely because of this type of treatment that we are seeking to challenge the entire mental health system. I believe that your best hope of obtaining some sort of relief is through our collective efforts. As we have said for years, if men are willing to stand up and resist, as you have done, then something may change. Without that support from the inside, however, there is very little we can accomplish on the outside. Thank you for your continued willingness to stand up for your rights. I am embarrassed that you were treated this way by our court system.

Sincerely,

Alan Mills

2 pg. EXHIBIT one.

AM:es

enclosures